CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 01 2020

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JOWELL TRAVIS LEGENDRE,** | ) | CASE NO. 7:20CV00382 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **OFFICER JOSEPH, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Jowell Travis LeGendre, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant jail employees allowed or used excessive force against him or denied him appropriate medical care. Upon review of the record, the court concludes that the action must be summarily dismissed unless LeGendre prepays the $400 filing costs.

At the time LeGendre filed this action in June 2020, he was confined at the Albemarle-Charlottesville Regional Jail ("ACRJ"), although he has since been transferred. LeGendre alleges that on May 26, 2020, he had a physical altercation with ACRJ officers. Afterwards, Nurse Ellison saw him, but allegedly "refused to rate [his] injuries which included several cuts on both wrists from the tight handcuffs." Compl. 2-3, ECF No. 1. Later that night, officers placed LeGendre in a restraint chair. Although LeGendre allegedly told Nurse Ellison that the "restraint on [his] left arm was too tight and that the tips of [his] fingers felt numb," the nurse "ignored" these complaints. Id. at 3. Another nurse later directed officers to loosen three of the restraints on LeGendre's limbs. The inmate contends that he now has dark scars on the back of his wrists and certain moves cause pain along his arm.

LeGendre also complains that on May 21, 2020, defendants McCarthy and Doe agreed with him that a pencil point was embedded in his arm from a prior fight in the jail. LeGendre alleges that this item was causing pain and continues to do so, but these defendants said it did not need to be removed. Later, defendant Vaughn also refused LeGendre's request for removal of the pencil point, "saying that she has had one in her arm for years." Id. at 4. LeGendre complains of continued pain and fear of the item being pushed deeper into his arm and "causing muscle tissue damage." Id.

In this § 1983 action, LeGendre sues Officer Joseph, Nurse Ellison, Nurse McCarthy, Nurse Vaughn, Nurse "Jane Doe," and the City of Charlottesville. Id. at 1. As relief, he seeks an "[i]njunction ordering disciplining and proper training of defendants," removal of the pencil point, and compensatory damages. He also seeks to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915.

Under federal law, all prisoner litigants must pay civil action filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." Id. § 1915(g). "A dismissal of a suit for failure to state a claim counts as a strike [under § 1915(g)], whether or not with prejudice." Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020).

A review of court records indicates that before filing this lawsuit, LeGendre brought such actions or appeals on three or more prior occasions, including LeGendre v. City of Charlottesville, 7:20CV00182 (W.D. Va. April 23, 2020) (dismissed without prejudice for failure to state a claim);

2

LeGendre v. Maney, No. 7:19CV00814 (W.D. Va. Jan. 30, 2020) (dismissed without prejudice for failure to state a claim); and LeGendre v. Maney, No. 7:19CV00686 (W.D. Va. Oct. 30, 2019) (dismissed without prejudice for failure to state a claim). Accordingly, under § 1915(g), LeGendre may proceed with the present case without prepayment of the filing costs only if he has stated facts showing that he was in imminent danger of serious physical injury at the time he filed this civil action.

Under this exception to § 1915(g), the district court must determine whether the plaintiff's facts show that he was in imminent danger of serious physical harm either when he filed his complaint or at some time thereafter, related to the claims in the case. Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (citing Abdul–Akbar v. McKelvie, 239 F.3d 307, 314 (3rd Cir. 2001)). Thus, the "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Newkirk v. Kiser, 812 F. App'x 159, 159 (4th Cir. 2020) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Courts have also held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" and related to the alleged official misconduct. See, e.g., Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). The inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson, 200 F. App'x at 272 (quoting Martin, 319 F.3d at 1050).

Upon review of the record, the court concludes that LeGendre has not alleged facts sufficient to invoke the imminent danger exception. LeGendre's allegations do not suggest any respect in which he was in imminent danger of serious physical injury at the time he filed this civil

3

rights action, related to the defendants' actions alleged in the complaint. Additionally, unlike the plaintiffs in Johnson and Newkirk, LeGendre is unable to establish that he is currently in imminent danger of being physically harmed by the defendants, since he is no longer incarcerated at the ACRJ.

For these reasons, the court concludes that LeGendre may not proceed with this civil rights action without prompt prepayment of the $400 filing costs. Failure to prepay these costs within the allotted time will result in dismissal of this action without prejudice. An appropriate order will issue herewith.

**ENTER:** This 1st day of December, 2020.

_____
Senior United States District Judge

4